Case 4:23-cv-01768   Document 27   Filed on 11/28/23 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
November 28, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANA MIRANDA MENDEZ, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 4:23-CV-1768 |
| § | |
| COOPER TIRE & RUBBER COMPANY § | |
| LLC, *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER REMANDING CASE

Pending before the Court is a motion to remand filed by Plaintiffs. The motion (Dkt. 13) is **GRANTED** except to the extent that it seeks attorney's fees and costs. This case is **REMANDED** to the 295th Judicial District Court of Harris County, Texas, where it was assigned cause number 2023-02007.

### BACKGROUND

This is a wrongful death and personal injury case arising out of a rollover car wreck. Plaintiffs filed suit in Texas state court, alleging that a car driven by Plaintiff Cuauhtemoc Miranda Mendez and owned by Maria Mendez Torres (who was thrown from the car and died in the wreck) rolled over after its left rear tire malfunctioned and it struck another vehicle driven by Defendant Sophie Helene Twyman ("Twyman"). (Dkt. 7-1 at pp. 7–13).

Plaintiffs allege that Twyman's car was on their left when the two cars hit each other and that Twyman was driving negligently because she was driving too fast at the time of the collision, failed to keep a proper lookout, and attempted to pass Plaintiffs' car when it was unsafe to do so. (Dkt. 7-1 at pp. 7, 13). Plaintiffs have also sued Defendant Cooper

Tire & Rubber Company ("Cooper Tire"), who manufactured the allegedly defective tire, and several Walmart entities (collectively "Walmart"); Plaintiffs got their car serviced at a Walmart Auto Care Center two weeks before the wreck. (Dkt. 7-1 at pp. 5–7).

Cooper Tire removed this case under the diversity jurisdiction statute, 28 U.S.C. § 1332, and contends that Twyman was improperly joined because there is no reasonable basis for the Court to predict that Plaintiffs might be able to recover against Twyman under Texas state law. (Dkt. 7 at p. 6).

## LEGAL STANDARDS

Generally, a defendant may remove to federal court any state court civil action over which the federal court would have original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction—commonly referred to as "diversity jurisdiction"—over civil actions in which: (1) all persons on one side of the controversy are citizens of different states than all persons on the other side; and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332; *see also McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004).

Diversity jurisdiction is absent if any plaintiff in the case is a citizen of the same state as any named defendant, provided all nondiverse defendants have been "properly joined." *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572–73 (5th Cir. 2004) (quotation marks omitted). As a result, if the plaintiff has named a nondiverse defendant, a removing diverse defendant must prove that the nondiverse defendant was improperly joined in order to establish diversity jurisdiction. *Id.* at 575. A diverse defendant can carry its "heavy burden" of proving improper joinder by demonstrating "that there is no

reasonable basis for the [federal] district court to predict that the plaintiff might be able to recover against [the] in-state defendant." *Id*. at 573–74. In evaluating whether the defendant has carried its burden, the district court may, and typically does, begin by "conduct[ing] a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id*. at 573.

When conducting the Rule 12(b)(6) analysis, the district court looks at "the state court complaint as it exists at the time of removal[.]" *Cavallini v. State Farm Mutual Insurance Co.*, 44 F.3d 256, 264–65 (5th Cir. 1995); *see also Turner v. GoAuto Insurance Co.*, 33 F.4th 214, 215, 217 (5th Cir. 2022) ("When a case is removed from state court to federal court and the plaintiff seeks to have the case remanded, we evaluate the complaint at the time of removal."). The district court evaluates the plaintiff's allegations against the nondiverse defendant using the federal pleading standard. *International Energy Ventures Management, L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016). "To pass muster under Rule 12(b)(6), a complaint must have contained enough facts to state a claim to relief that is plausible on its face." *Id*. (brackets and quotation marks omitted). As the Fifth Circuit has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. This includes the basic requirement that the facts plausibly establish each required element for each legal claim. However, a complaint is insufficient if it offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action.
> *Coleman v. Sweetin*, 745 F.3d 756, 763–64 (5th Cir. 2014) (quotation marks and citations omitted).

## ANALYSIS

The Court concludes that Plaintiffs' allegations against Twyman satisfy the federal pleading standard. Plaintiffs alleged in their state-court pleading that Twyman contributed to the rollover accident because her actions caused, at least in part, the collision between her car and Plaintiffs' car. Plaintiffs alleged that Twyman attempted to pass their car when it was unsafe to do so, failed to keep a proper lookout, and was driving too fast for the existing conditions—basically, that Twyman was not paying attention and made an unsafe passing maneuver when Plaintiffs' car started moving to its left. (Dkt. 7-1 at pp. 7, 13). The Court disagrees with Cooper Tire's contention that, given the facts as alleged by Plaintiffs in their state-court pleading, there is no reasonable basis for the Court to predict that Plaintiffs might be able to recover against Twyman under Texas state law. Accordingly, the Court concludes that Twyman was properly joined and that the Court lacks subject matter jurisdiction over this case.

## CONCLUSION

Plaintiffs' motion to remand (Dkt. 13) is **GRANTED** except to the extent that it seeks attorney's fees and costs. This case is **REMANDED** to the 295th Judicial District Court of Harris County, Texas, where it was assigned cause number 2023-02007. The Clerk is directed to provide a copy of this order to the parties. The Clerk is further directed to send a certified copy of this order via certified mail, return receipt requested, to the District Clerk of Harris County, Texas and the Clerk of the 295th Judicial District Court of Harris County, Texas.

Any other pending motions are **DENIED as moot**.

SIGNED at Houston, Texas on November 28, 2023.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE